LEON A. CANNIZZARO, Jr., Judge.
LThe appellant, North American Capacity Insurance Company (“North American”), appeals from a summary judgment granted in favor of Megga Industries, Inc. (“Megga”). Megga moves to dismiss the appeal arguing that the judgment is not a final, appealable judgment pursuant to La. C.C. P. art. 2083.
FACTS AND PROCEDURAL HISTORY
In December 1999, the plaintiff, the Associated Branch Pilots of the Port of New Orleans (“the Branch Pilots”), hired Meg-ga to construct a dock, walkway and platform utilizing creosote pilings with concrete cap sills at its facility in Pilottown, Louisiana. Megga had purchased the creosote pilings used in the construction project from Houma Creosote Material d/b/a Houma Treated Material, Inc. (“Houma Creosote”). In May 2001, approximately a year after Megga completed construction, the creosote pilings failed, causing damage to the dock, walkway and platform. The Branch Pilots filed suit against Megga and Houma Creosote, alleging that the creosote pilings were defective.
| pMegga notified North American, its comprehensive general liability insurer, of the claim and requested a defense and coverage pursuant to its liability policy. North American denied coverage and refused to defend Megga in the suit against the Branch Pilots. Megga then filed a third party demand against North American, seeking coverage, a defense and penalties and attorney’s fees for its arbitrary and capricious failure to defend.
North American filed a motion for summary judgment claiming that there were no genuine issues of material fact and that its policy unambiguously excluded coverage. Megga opposed the motion on the grounds that the alleged exclusions did not preclude coverage. The trial court denied North American’s motion, finding that there were unresolved issues of material fact regarding coverage under the policy. North American sought supervisory re *157 view in this court of the denial of its motion for summary judgment. This court denied the writ on the grounds that the policy provisions at issue were ambiguous.[1] North American subsequently applied for a writ of certiorari with the Louisiana Supreme Court, which was denied.[2]
Meanwhile, Megga had filed a cross motion for summary judgment, seeking penalties and attorney’s fees for North American’s denial of coverage. On February 22, 2006, the trial court rendered a summary judgment in favor of Megga and awarded it a total of $153,418.30 in penalties and attorney’s fees after finding |athat North American’s refusal to provide a defense was arbitrary and capricious. Included in the award was $59,628.26 for attorney’s fees incurred by Megga in litigating the issue of coverage. North American filed the instant appeal from that judgment.
In addition to this appeal, North American filed a writ application asking this court to review the same judgment. This court denied the writ, in part, holding that North American’s argument was “essentially a regurgitation of the argument from its prior writ application on the coverage issue” and, thus, the law of the case doctrine barred a re-review of the coverage issue. However, in granting the writ, in part, this court reversed the trial court judgment insofar as it awarded Megga $59,628.26 in attorney’s fees for litigating the issue of coverage with North American.[3] North American then filed a writ application with the Louisiana Supreme Court seeking a review of this court’s decision, which was denied.[4]
DISCUSSION
La. C.C.P. art. 2083, as amended in 2005, provides that final judgments are appealable in all causes in which appeals are given by law, but an interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 1915(A) sets forth those partial judgments that are final for purposes of appeal. Pertinent to this ease, La. C.C.P. art. 1915(A)(3) provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the 1¿successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
La. C.C.P. art. 966(E) provides that a summary judgment may be rendered disposi-tive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case. Because the summary judgment granted in favor of Megga on February 22, 2006 did not dispose of the entire case, the summary judgment was granted pursuant to La. C.CJP.art. 966(E). Thus, La. C.C.P. art. 1915(A)(3) does not apply and the judg *158 ment is not final for appeal purposes. Although the judgment is not final under La. C.C.P. art. 1915(A), the judgment might still have been appealed if the trial court had designated the judgment as final after an express determination that there was no just reason for delay. See La. C.C.P. art. 1915(B). The trial court, however, did not designate the judgment as final in this case. Thus, it is not appealable.
CONCLUSION
Accordingly, for the reasons set forth herein, North American’s appeal from the February 22, 2006 judgment is dismissed.
APPEAL DISMISSED.

. Associated Branch Pilots of the Port of New Orleans v. Megga Industries, Inc., unpub., 2005-1126 (La.App. 4 Cir. 12/07/05), 918 So.2d 633.

. Associated Branch Pilots of the Port of New Orleans v. Megga Industries, Inc., 2006-0061 (La.4/17/06), 926 So.2d 520.

. Associated Branch Pilots of the Port of New Orleans v. Megga Industries, Inc., unpub., 2006-0240 (La.App. 4 Cir. 5/17/06).

. Associated Branch Pilots of the Port of New Orleans v. Megga Industries, Inc., 2006-1527 (La.9/29/06), 937 So.2d 866.